E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

# IN THE IOWA DISTRICT COURT IN AND FOR MARION COUNTY

| | |
|---|---|
| **GARY GOINGS,**<br><br>    Plaintiff,<br><br>v.<br><br>**PELLA CORPORATION,**<br><br>    Defendant. | **Case No:**<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are Melissa C. Hasso and Emily E. Wilson of the law firm of Hasso & Wilson Law Firm, whose address is 111 E. Grand Ave., Suite 212, Des Moines, Iowa 50309, and whose phone number is 515-224-2079.

This case has been filed in a county that utilizes electronic filing. General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion or answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the application.

<div align="center">

Marion County Clerk of Court
214 E. Main St.
Knoxville, IA 50138
(641) 828-2231

</div>

NOTE: The attorney who is expected to represent the Defendants should promptly advise Plaintiff of this notice. If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Coordinator at 515-286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).



# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV099240** |
| *County* | **Marion** |

*Case Title*    GARY GOINGS VS PELLA CORPORATION

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*

---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/07/2025 10:24:47 AM**



*District Clerk of Court or/by Clerk's Designee of*  Marion        *County*
 **/s/ Sue Beary**

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR MARION COUNTY

|  |  |  |
|---|---|---|
| **GARY GOINGS,** | * | Case No. _____ |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * |  |
|  | * | **PETITION AT LAW** |
| **PELLA CORPORATION,** | * | **AND JURY DEMAND** |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

**COMES NOW** the Plaintiff, Gary Goings, by and through his undersigned counsel, and for his cause of action against Defendant Pella Corporation, states as follows:

### PARTIES, VENUE & JURISDICTION

1.      Plaintiff Gary Goings is and was at all times material hereto a resident of Altoona, Polk County, Iowa.

2.      Defendant Pella Corporation is an Iowa corporation with its principal place of business in Pella, Marion County, Iowa.

3.      The unlawful actions described herein occurred in Pella, Marion County, Iowa.

4.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Marion County.

### CONDITIONS PRECEDENT

5.      Within 300 days of the last act of discrimination, Plaintiff filed a charge of discrimination against Defendant with the Iowa Office of Civil Rights, which was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

1

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

6.      On September 4, 2025, the Iowa Office of Civil Rights issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

7.      On September 24, 2025, the EEOC issued a letter of right-to-sue to Plaintiff, a copy of which is attached hereto as Exhibit C.

8.      Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff Gary Goings ("Goings") is a United States Veteran.

10.     In approximately 2013, Goings was diagnosed with Post Traumatic Stress Disorder ("PTSD") arising out of his military service.

11.     Goings has also been diagnosed with major depressive disorder, anxiety, and substance use disorder.

12.     In about 2015, Goings successfully completed a residential treatment program for Veterans with substance abuse disorders.

13.     Following his successful completion of the treatment program, Goings enrolled in a tool and die program at Des Moines Area Community College and graduated with an Associate Degree in 2017.

14.     Goings then began a career in the tool and die field while successfully managing his mental health impairments through services provided by the Veterans Administration.

15.     Defendant Pella Corporation ("Pella") hired Goings in January 2022 as a full-time machinist.

16.     At the time of hire, Goings disclosed to Pella that he had a history of substance abuse and that he had been clean and sober for several years.

2

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

17.    In June 2024, Pella transferred Goings to the Tech, Tool and Die department.

18.    Goings performed his job duties well at Pella.

19.    Jason Bingham ("Bingham"), Manufacturing and Engineering Services Operations Manager, was Goings' supervisor at Pella.

20.    Bingham had authority to direct Goings' job duties and to make decisions regarding Goings' work schedule.

21.    Bingham had authority to discipline Goings and to make decisions regarding the status of Goings' employment.

22.    During his employment with Pella, Goings spoke openly with Bingham about his past struggles with substance abuse.

23.    During these conversations, Bingham expressed support for Goings and his efforts to remain sober.

24.    On November 5, 2024, Goings approached Bingham at work and asked to meet privately with him.  During their meeting, Goings requested accommodation in the form of a modified work schedule to attend mental health/substance use treatment sessions for approximately sixteen weeks, because he was experiencing a drug use relapse.

25.    Goings handed Bingham his written request for intermittent medical leave under the Family Medical Leave Act ("FMLA") to attend the treatment program.  Bingham declined to take the FMLA documents and returned them to Goings.

26.    Bingham expressed his support for Goings attending treatment and told Goings to go ahead and enter the time off on the company's time management system.

3

E-FILED 2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

27.     Later on November 5, 2024, Bingham invited Goings to a second meeting, this time with a Human Resources representative present, to further discuss Goings' relapse and accommodation needs.

28.     Pella's Human Resources representative that attended the November 5, 2024 meeting with Bingham and Goings had knowledge of company policies and procedures that applied to Goings, including Pella's policies regarding drug and alcohol rehabilitation.

29.     During their November 5, 2024 meeting, Goings spoke with the Human Resources representative and Bingham about his relapse and his need for accommodations, and gave the Human Resources representative his written request for FMLA leave.

30.     During their November 5, 2024 meeting, the Human Resources representative informed Goings that he would need to take a urine drug test and that he would be terminated if he refused.

31.     During their November 5, 2024 meeting, the Human Resources representative told Goings that Pella had a substance abuse treatment policy and assured him that if he took the drug test and enrolled in treatment, he could return to work and would not be terminated.

32.      The Human Resources representative then presented Goings with a document titled "Evaluation and Rehabilitation Agreement Employee Request" ("the Rehabilitation Agreement").

33.     During their November 5, 2024 meeting, the Human Resources representative also presented Goings with a document titled "Pella Corporation Drug & Alcohol Policy Alcohol Rehabilitation Agreement Due to Positive Alcohol Result." ("the Drug & Alcohol Policy").

34.     During their November 5, 2024 meeting, the Human Resources representative reviewed the Rehabilitation Agreement and the Drug & Alcohol Policy with Goings, told him

4

E-FILED 2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

where to sign them, and again assured Goings that if he took the urine drug test and complied with the terms of the Rehabilitation Agreement he would keep his job.

35.    Goings signed the Rehabilitation Agreement and the Drug & Alcohol Policy that the Human Resources representative presented to him.

36.    Exhibit D, attached, is a true and correct copy of Pella's Rehabilitation Agreement that Pella's Human Resources representative offered to Goings, which Goings signed during the November 5, 2024 meeting.

37.    Exhibit E, attached, is a true and correct copy of Pella's Drug & Alcohol Policy that Pella's Human Resources representative presented to Goings, which Goings signed during the November 5, 2024 meeting.

38.    During the November 5, 2024 meeting, Goings explained that he had arranged for treatment by licensed therapists through the Veteran's Administration, which the Human Resources representative said should be acceptable in fulfilling the Agreement's treatment requirement.

39.    During their November 5, 2024 meeting, Bingham and the Human Resources representative assured Goings that once his drug test results were back, he could resume his duties and take time off from work to attend his treatment meetings for the duration of the 16-week treatment program.

40.    At the conclusion of their November 5, 2024 meeting, the Human Resources representative and Bingham transported Goings to Pella Hospital for the urine drug test, which Goings took as directed to keep his job.

41.    After Goings took the drug test, Bingham and the Human Resources representative transported Goings back to the Pella facility and then allowed Goings to drive himself home.

5

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

42.    Several days after Goings took the drug test, a Pella Human Resources representative called Goings and left him a phone message stating that his urine drug test was positive, and that based on the positive result, his employment was terminated immediately.

43.    Pella then sent Goings a letter stating that he was terminated effective November 21, 2024 due to a positive "reasonable suspicion drug screening test" taken on October 8, 2024.

44.    Goings did not take a drug test on October 8, 2024.

## COUNT I:  DISABILITY DISCRIMINATION
### The Iowa Civil Rights Act
### Iowa Code Chapter 216

45.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

46.    Pella is a "person" under the Iowa Civil Rights Act, Iowa Code Chapter 216 ("ICRA").

47.    Goings's PTSD, depression, anxiety, and substance use disorder are "psychological impairments" under the ICRA.

48.    Goings's psychological impairments, when active, substantially impair his ability to concentrate, sleep, work, communicate, and perform various other daily living activities.

49.    Goings possesses the required skills, qualifications and education for his position with Pella.

50.    Goings was able to perform the essential functions of his job, with or without reasonable accommodations.

51.    At the time Pella terminated him, Goings was actively participating in a supervised rehabilitation program and was no longer engaging in drug use.

52.    At the time Pella terminated him, Pella erroneously regarded Goings as continuing to engage in drug use.

6

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

53.     Goings was a qualified individual with a disability under the ICRA.

54.     Goings requested accommodation in the form of time off work to attend a series of treatment sessions for his psychological impairments.

55.     The Rehabilitation Agreement Pella offered to Goings, which Goings accepted, states that once Goings provided Pella with documentation establishing that he had enrolled in an approved treatment program for substance use, "Pella will grant [him] time off to attend treatment sessions that conflict with [his] work schedule."

56.     Accordingly, Goings's requested accommodation of a temporary modified work schedule to attend treatment sessions for his disability was reasonable.

57.     Goings has an actual disability under the ICRA.

58.     Goings has a record of a disability under the ICRA.

59.     Pella perceived Goings to be a person with a disability under the ICRA.

60.     Pella failed to provide reasonable accommodation for Goings's disability.

61.     Goings's disability, whether real, record of, and/or perceived, was a factor in Pella's decision to terminate him.

62.     Pella's actions violated the ICRA's prohibition against disability discrimination.

63.     As a proximate cause of Pella's illegal actions, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT II:  RETALIATION
### The Iowa Civil Rights Act

7

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

**Iowa Code Chapter 216**

64. Plaintiff repleads the allegations set forth above as if fully set forth herein.

65. Goings had a reasonable belief that he had a disability under the ICRA for which he needed accommodation.

66. Goings's request for reasonable accommodation was protected conduct under the ICRA.

67. Had Goings not sought accommodation due to his relapse, Pella would not have directed him to take a drug test.

68. Had Goings not sought accommodation due to his relapse, Pella would not have terminated his employment.

69. Goings's request for reasonable accommodation for his disability was a factor in Pella's decision to terminate him.

70. Pella's actions constituted illegal retaliation under the ICRA.

71. As a proximate cause of Pella's illegal actions, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation, and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT III:  DISABILITY DISCRIMINATION
**The Americans with Disabilities Act, as Amended**
**42 U.S.C. § 12101 *et seq.***

72. Plaintiff repleads the allegations set forth above as if fully set forth herein.

8

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

73.     Goings was a qualified individual with a disability as defined in the Americans with Disabilities Act, as Amended ("ADAAA").

74.     Pella is an employer as defined in the ADAAA.

75.     Pella discriminated against Goings in violation of the ADAAA by failing to accommodate his disability.

76.     Pella discriminated against Goings in violation of the ADAAA by terminating him because of his actual, record of, and/or perceived disability.

77.     As a proximate cause of Pella's illegal actions, Goings has been damaged.

78.     Pella acted with malice or reckless indifference to Goings' rights, and therefore he is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Gary Goings, respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV:  RETALIATION
### The Americans with Disabilities Act, as Amended
### 42 U.S.C. § 12101 *et seq.*

79.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

80.     Goings had a reasonable belief that he had a disability under the ADAAA for which he needed accommodation.

81.     Goings's request for reasonable accommodation was protected conduct under the ADAAA.

9

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

82.     Goings's request for reasonable accommodation for his disability was a factor in Pella's decision to terminate him.

83.     Pella's actions constituted illegal retaliation under the ADAAA.

84.     As a proximate cause of Pella's illegal actions, Goings has been damaged.

85.     Pella acted with malice or reckless indifference to Goings' rights, and therefore he is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Gary Goings, respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT V: FMLA INTERFERENCE
**Violations of the Family Medical Leave Act ("FMLA")**
**29 U.S.C. § 2301 *et seq.***

86.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

87.     Pella is an employer within the meaning of the FMLA.

88.     During his employment with Pella, Goings had a mental health impairment that required ongoing treatment.

89.     Goings's mental health impairment was a "serious health condition" as defined in the FMLA.

90.     Goings timely provided Pella notice of his need to take FMLA leave for his mental health impairment on November 5, 2024.

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

91. Goings was eligible for FMLA leave at the time he submitted his request.

92. Pella did not allow Goings to take FMLA-protected leave for which he was eligible.

93. Pella terminated Goings for reasons related to his need for FMLA leave.

94. Pella's actions constituted unlawful interference with Goings' FMLA rights.

95. As a result of Pella's illegal actions, Goings has been damaged.

**WHEREFORE,** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT VI: FMLA RETALIATION
### Violations of the Family Medical Leave Act ("FMLA")
### 29 U.S.C. § 2301 *et seq.*

96. Plaintiff repleads the allegations set forth above as if fully set forth herein.

97. Pella required Goings to undergo a urine drug test because he exercised his right to request FMLA-protected leave for a serious medical condition.

98. Had Goings not invoked his right to request FMLA-protected leave for his serious medical condition, Pella would not have terminated him.

99. Pella's actions constituted unlawful discrimination and/or retaliation under the FMLA.

100. As a result of Pella's illegal actions, Goings has been damaged.

11

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

**WHEREFORE,** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT VII:  BREACH OF CONTRACT

101.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

102.    The Rehabilitation Agreement is a contract between Pella and Goings.

103.    Under the Rehabilitation Agreement, Pella agreed not to terminate Goings's employment in exchange for Goings's compliance with the substance use treatment terms set forth in the Rehabilitation Agreement.

104.    Goings agreed to the terms of the Rehabilitation Agreement.

105.    Goings was undergoing treatment in compliance with the terms of the Rehabilitation Agreement at the time of his termination.

106.    Pella violated the Rehabilitation Agreement when it terminated Goings's employment for a positive drug test despite his enrollment in an approved treatment program for his substance use disorder.

107.    As a result of Pella's violation of the Rehabilitation Agreement, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages in an amount that will fairly and equitably compensate him for his losses, for interest as provided by law, and for the costs of this action, and such other and further relief as the Court deems just and equitable under the circumstances.

12

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

## COUNT VIII:  PROMISSORY ESTOPPEL

108.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

109.    On November 5, 2024, Pella's Human Resources representative promised Goings that if he took a urine drug test, he would not be terminated so long as he underwent treatment in accordance with Pella's drug and alcohol rehabilitation policy.

110.    On November 5, 2024, Pella's Human Resources representative and Bingham promised Goings that once his drug test results were back, he could resume his duties on a modified work schedule that allowed time off to attend rehabilitation program sessions.

111.    Bingham and Pella's Human Resources representative should reasonably have expected their promises of continued employment and a temporary modified work schedule to attend treatment to induce Goings to take the urine drug test.

112.    Goings relied on Bingham's and Pella's Human Resources representative's promises of continued employment and a temporary modified work schedule in agreeing to take the urine drug test.

113.    Goings would not have agreed to take the urine drug test absent Bingham's and Pella's Human Resources representative's promises that by doing so, he would keep his job and would be allowed to leave work to attend rehabilitation sessions.

114.    Goings acted to his substantial detriment in reasonable reliance on the promises made to him.

115.    Pella breached its promise to Goings by terminating Goings even though he took the drug test and enrolled in the rehabilitation treatment program.

116.    As a result of Pella's breach of its promises, Goings has been damaged.

13

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

117.    Injustice can be avoided only by enforcing Pella's promises to Goings.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages in an amount that will fairly and equitably compensate him for his losses, for interest as provided by law, and for the costs of this action, and such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby requests trial by jury in this matter.

Respectfully Submitted,

By: /s/ Melissa C. Hasso
Melissa C. Hasso  AT0009833
By: /s/ Emily E. Wilson
Emily E. Wilson AT0013860
HASSO & WILSON LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone:  (515) 224-2079
Facsimile:  (515) 224-2321
Email:  ewilson@hwlawiowa.com
        mhasso@hwlawiowa.com
ATTORNEYS FOR PLAINTIFFS

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

| (AGENCY USE ONLY) | |
|---|---|
| ICRC CP# 01-29-83244 | Iowa Civil Rights Commission |
| Local Commission# | 400 East 14th Street |
| EEOC# 26A-2025-00363 | Des Moines, Iowa 50319-0201 |

(PLEASE TYPE OR PRINT LEGIBLY)

## SECTION 1: COMPLAINANT INFORMATION

Your legal name: ____Gary Goings_____

Your mailing address: ██████████

City: █████    State: __IA__    Zip Code: ████

Telephone #: ████

Email address: _____

Your date of birth: ████

Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency?    ☐ Yes    X No

If yes, what agency? _____    When? _____

## SECTION 2: DISCRIMINATION INFORMATION

**1. Please indicate the AREA(S) in which the discrimination occurred.**

X Employment    ☐ Public Accommodation    ☐ Housing
☐ Education    ☐ Credit    X Retaliation

**IOCR RECEIVED**
**JAN 29 2025 AM9:39**

**2. Please indicate the ACTION(S) that the organization took against you.**

☐ Demotion    ☐ Failure to Train
X Denied Accommodation or Modification    ☐ Forced to Quit/Retire
☐ Denied Benefits    ☐ Harassment
☐ Denied Financial Services/Credit    ☐ Layoff
☐ Denied Service    ☐ Reduced Hours
☐ Discipline    ☐ Reduced Pay
☐ Eviction    ☐ Sexual Harassment
☐ Failure to Hire    X Suspension
☐ Failure to Promote    X Termination
☐ Failure to Rent    ☐ Undesirable Assignment/Transfer
☐ Failure to Recall    ☐ Unequal Pay

☐ Other: _____

**3. Please indicate the BASIS(ES) or reasons for the discrimination.**

a. Do you believe you were discriminated against because of your race? ____No____

If yes, what is your race? _____

b. Do you believe you were discriminated against because of your skin color? ____No____

Page 1 of 4

**EXHIBIT**
**A**
tabbies

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

If yes, what is your skin color? _____

c. Do you believe you were discriminated against because of your national origin? ____No____

If yes, what is your national origin? _____

d. Do you believe you were discriminated against because of your sex? ____No____

If yes, what is your sex? _____

e. Do you believe you were discriminated against because of your sexual orientation? _No_____

If yes, what is your sexual orientation? _____

f. Do you believe you were discriminated against because of your gender identity? ___No____

If yes, what gender do you identify as? _____

g. Do you believe you were discriminated against because of a real or perceived disability? Yes___

If yes, what is your real or perceived disability? _PTSD & Substance Use Disorder_____

h. Do you believe you were discriminated against because of your religion or creed? __No_____

If yes, what is your religion or creed? _____

i. Do you believe you were discriminated against because of your pregnancy or pregnancy - related condition? _____No_____

j. If your complaint involves employment or credit, do you believe you were discriminated against because of your age? ____No_____

If yes, do you believe you were discriminated because you are older or because you are younger? _____

k. If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status? _____N/A_____

If yes, how many children live with you? _____

l. If your complaint involves credit, do you believe you were discriminated against based on your marital status? _____N/A_____

ILCR RECEIVED
JAN 29 2025 AM9:39

If yes, what is your marital status? _____

m. Do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the ICRC, or participated as a witness in an anti-discrimination agency proceeding? _____Yes_____

If yes, what did you report or complain about, and to whom?
_I requested accommodation for a disability from my supervisor in the form of time off of_ _work for substance use disorder treatment._____

State what happened to you as a result of your report or complaint.
_I was suspended and then fired._____

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED____11/21/2024

5. If Employment is the Area, what is your hire date or application date? February 2022

6. Are you still employed by the organization that discriminated against you? ☐ Yes ■ No

If no, when did your employment end? _____ (month, day, year)

If no, how did your employment end?

■ Terminated          ☐ Voluntary Quit          ☐ Forced to Quit/Retire

## SECTION 3: RESPONDENT INFORMATION

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]

____Pella Corporation

Address: _102 Main St.

City: _Pella_____County: _Marion_____State: _Iowa

Zip Code: _50219__ Telephone #: (_641_) 621 – 1000

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
[This organization will also be charged with discrimination and given a copy of your complaint.]
Address: _____

· City: _____State: _____

Zip Code: _____ Telephone #: _____

If more than two respondents, please list additional organization or individual respondents, including name, job title, and address, on an attached piece of paper. The additional organizations/individual respondents will also receive a copy of the complaint.

IOCR RECEIVED
JAN 29 2025 AM9:39

9. Provide the address of the location where the discrimination occurred:

__102 Main St., Pella, IA 50219

10. Were you placed by a temporary firm agency at the organization that discriminated against you?
[If the answer is yes and you wish to file a complaint against the temporary staffing firm, you will need to file a separate complaint form naming that firm].

☐ Yes   ■ No

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):

☐ 4-14      ☐ 15-19      ☐ 20-100      ☐ 101-200      ☐ 201-500      ■ 500+

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

---------------------SECTION 4 • BRIEF SUMMARY OF ALLEGATIONS-------------------

Please describe what happened to you. State how you were discriminated against. What happened? When did it happen? Be sure to address each Action you checked on page one and each Basis you addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

I have suffered from PTSD and substance use disorder for many years. In late October/early November 2024 I was suffering a relapse. I sought medical treatment for my relapse and notified my supervisor of my disability and relapse. On November 5, 2024 I requested accommodation in the form of time off from work to attend substance abuse treatment.

On November 5, after I requested accommodation for my disability, my supervisor and a representative from Human Resources presented me with an "Evaluation and Rehabilitation Agreement" stating that I was allowed to take time off from work for evaluation and treatment of my substance dependence and the criteria for my continued employment with the company. I signed the agreement. Then they took me to the hospital where they had me take a drug test and a breathalyzer alcohol test. They told me I was suspended until they got the results back. On November 21, 2024 someone from Human Resources called me and told me I was terminated because the drug test was positive.

My employer failed to provide a reasonable accommodation for my disability. I also believe I was suspended and terminated because of my disability, whether actual, perceived and/or record of, and in retaliation for requesting an accommodation for my disability.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

**ICR RECEIVED**
**JAN 29 2025 AM9:39**

X ~~Gary Goings (Jan 29, 2025 04:41 CST)~~

**Signature of Complainant (REQUIRED)**

Jan 29, 2025

**Date**

It is not necessary that you provide any additional documentation at this time. Be aware that any additional documentation provided with your complaint form will be sent out to all named parties along with this form. An opportunity to provide additional documentation will be given at a later time if/when the complaint is accepted by the ICRC.

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT

## Administrative Release
### (Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
|  | ) |  |
| ███████████████████ | ) | Iowa Office of Civil Rights |
| ███████████████████ | ) | 6200 Park Avenue |
| ███████████████████ | ) | Suite 100 |
| ███████████████████ | ) | Des Moines, Iowa 50321-1270 |

| Complaint CP# 01-25-83244 | EEOC# 26A-2025-00363 |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.43. It is issued pursuant to your request.

The conditions precedent found in Iowa Code § 216.16(2) and 161 Administrative Code § 3.43(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **9/4/2025**.

The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The Iowa Office of Civil Rights will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. Iowa law allows any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files – No charge

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Office of Civil Rights
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    MELISSA HASSO, Complainant's Attorney
    MAGGIE HANSON, Respondent's Attorney



EXHIBIT

B

E-FILED  2025 OCT 06 12:14 PM MARION - CLERK OF DISTRICT COURT



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Milwaukee Area Office**

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI  53203-2292
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Milwaukee Direct Dial: (414) 662-3680
FAX (414) 297-4133 & 3146
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**     Gary Goings
        Melissa C Hasso
        Sherinian & Hasso Law Firm

**Re:**     Gary Goings v. Pella Corporation

        EEOC Charge Number:  **26A-2025-00363**

EEOC Representative and email:     Barbara Ystenes
                              SLTP MANAGER
                              barbara.ystenes@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:Amrith Kaur Aakre
09/24/2025
Amrith Kaur Aakre
District Director

cc:     Maggie Hanson
        Maggie.hanson@dentons.com
        Dentons Davis Brown PC



E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR MARION COUNTY

|  |  |  |
|---|---|---|
| GARY GOINGS, | * | Case No. LACV099240 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * | **AMENDED** |
|  | * | **PETITION AT LAW** |
| PELLA CORPORATION, | * | **AND JURY DEMAND** |
|  | * |  |
| Defendant. | * |  |

**COMES NOW** the Plaintiff, Gary Goings, by and through his undersigned counsel, and for his cause of action against Defendant Pella Corporation, states as follows:

### PARTIES, VENUE & JURISDICTION

1.      Plaintiff Gary Goings is and was at all times material hereto a resident of Altoona, Polk County, Iowa.

2.      Defendant Pella Corporation is an Iowa corporation with its principal place of business in Pella, Marion County, Iowa.

3.      The unlawful actions described herein occurred in Pella, Marion County, Iowa.

4.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Marion County.

### CONDITIONS PRECEDENT

5.      Within 300 days of the last act of discrimination, Plaintiff filed a charge of discrimination against Defendant with the Iowa Office of Civil Rights, which was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

1

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

6.    On September 4, 2025, the Iowa Office of Civil Rights issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

7.    On September 24, 2025, the EEOC issued a letter of right-to-sue to Plaintiff, a copy of which is attached hereto as Exhibit C.

8.    Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## FACTS COMMON TO ALL COUNTS

9.    Plaintiff Gary Goings ("Goings") is a United States Veteran.

10.    In approximately 2013, Goings was diagnosed with Post Traumatic Stress Disorder ("PTSD") arising out of his military service.

11.    Goings has also been diagnosed with major depressive disorder, anxiety, and substance use disorder.

12.    In about 2015, Goings successfully completed a residential treatment program for Veterans with substance abuse disorders.

13.    Following his successful completion of the treatment program, Goings enrolled in a tool and die program at Des Moines Area Community College and graduated with an Associate Degree in 2017.

14.    Goings then began a career in the tool and die field while successfully managing his mental health impairments through services provided by the Veterans Administration.

15.    Defendant Pella Corporation ("Pella") hired Goings in January 2022 as a full-time machinist.

16.    At the time of hire, Goings disclosed to Pella that he had a history of substance abuse and that he had been clean and sober for several years.

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

17.    In June 2024, Pella transferred Goings to the Tech, Tool and Die department.

18.    Goings performed his job duties well at Pella.

19.    Jason Bingham ("Bingham"), Manufacturing and Engineering Services Operations Manager, was Goings' supervisor at Pella.

20.    Bingham had authority to direct Goings' job duties and to make decisions regarding Goings' work schedule.

21.    Bingham had authority to discipline Goings and to make decisions regarding the status of Goings' employment.

22.    During his employment with Pella, Goings spoke openly with Bingham about his past struggles with substance abuse.

23.    During these conversations, Bingham expressed support for Goings and his efforts to remain sober.

24.    On November 5, 2024, Goings approached Bingham at work and asked to meet privately with him.  During their meeting, Goings requested accommodation in the form of a modified work schedule to attend mental health/substance use treatment sessions for approximately sixteen weeks, because he was experiencing a drug use relapse.

25.    Goings handed Bingham his written request for intermittent medical leave under the Family Medical Leave Act ("FMLA") to attend the treatment program.   Bingham declined to take the FMLA documents and returned them to Goings.

26.    Bingham expressed his support for Goings attending treatment and told Goings to go ahead and enter the time off on the company's time management system.

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

27.    Later on November 5, 2024, Bingham invited Goings to a second meeting, this time with a Human Resources representative present, to further discuss Goings' relapse and accommodation needs.

28.    Pella's Human Resources representative that attended the November 5, 2024 meeting with Bingham and Goings had knowledge of company policies and procedures that applied to Goings, including Pella's policies regarding drug and alcohol rehabilitation.

29.    During their November 5, 2024 meeting, Goings spoke with the Human Resources representative and Bingham about his relapse and his need for accommodations, and gave the Human Resources representative his written request for FMLA leave.

30.    During their November 5, 2024 meeting, the Human Resources representative informed Goings that he would need to take a urine drug test and that he would be terminated if he refused.

31.    During their November 5, 2024 meeting, the Human Resources representative told Goings that Pella had a substance abuse treatment policy and assured him that if he took the drug test and enrolled in treatment, he could return to work and would not be terminated.

32.    The Human Resources representative then presented Goings with a document titled "Evaluation and Rehabilitation Agreement Employee Request" ("the Rehabilitation Agreement").

33.    During their November 5, 2024 meeting, the Human Resources representative also presented Goings with a document titled "Pella Corporation Drug & Alcohol Policy Alcohol Rehabilitation Agreement Due to Positive Alcohol Result." ("the Drug & Alcohol Policy").

34.    During their November 5, 2024 meeting, the Human Resources representative reviewed the Rehabilitation Agreement and the Drug & Alcohol Policy with Goings, told him

4

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

where to sign them, and again assured Goings that if he took the urine drug test and complied with the terms of the Rehabilitation Agreement he would keep his job.

35.    Goings signed the Rehabilitation Agreement and the Drug & Alcohol Policy that the Human Resources representative presented to him.

36.    Exhibit D, attached, is a true and correct copy of Pella's Rehabilitation Agreement that Pella's Human Resources representative offered to Goings, which Goings signed during the November 5, 2024 meeting.

37.    Exhibit E, attached, is a true and correct copy of Pella's Drug & Alcohol Policy that Pella's Human Resources representative presented to Goings, which Goings signed during the November 5, 2024 meeting.

38.    During the November 5, 2024 meeting, Goings explained that he had arranged for treatment by licensed therapists through the Veteran's Administration, which the Human Resources representative said should be acceptable in fulfilling the Agreement's treatment requirement.

39.    During their November 5, 2024 meeting, Bingham and the Human Resources representative assured Goings that once his drug test results were back, he could resume his duties and take time off from work to attend his treatment meetings for the duration of the 16-week treatment program.

40.    At the conclusion of their November 5, 2024 meeting, the Human Resources representative and Bingham transported Goings to Pella Hospital for the urine drug test, which Goings took as directed to keep his job.

41.    After Goings took the drug test, Bingham and the Human Resources representative transported Goings back to the Pella facility and then allowed Goings to drive himself home.

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

42.     Several days after Goings took the drug test, a Pella Human Resources representative called Goings and left him a phone message stating that his urine drug test was positive, and that based on the positive result, his employment was terminated immediately.

43.     Pella then sent Goings a letter stating that he was terminated effective November 21, 2024 due to a positive "reasonable suspicion drug screening test" taken on October 8, 2024.

44.     Goings did not take a drug test on October 8, 2024.

## COUNT I:  DISABILITY DISCRIMINATION
### The Iowa Civil Rights Act
### Iowa Code Chapter 216

45.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

46.     Pella is a "person" under the Iowa Civil Rights Act, Iowa Code Chapter 216 ("ICRA").

47.     Goings's PTSD, depression, anxiety, and substance use disorder are "psychological impairments" under the ICRA.

48.     Goings's psychological impairments, when active, substantially impair his ability to concentrate, sleep, work, communicate, and perform various other daily living activities.

49.     Goings possesses the required skills, qualifications and education for his position with Pella.

50.     Goings was able to perform the essential functions of his job, with or without reasonable accommodations.

51.     At the time Pella terminated him, Goings was actively participating in a supervised rehabilitation program and was no longer engaging in drug use.

52.     At the time Pella terminated him, Pella erroneously regarded Goings as continuing to engage in drug use.

53.     Goings was a qualified individual with a disability under the ICRA.

6

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

54.    Goings requested accommodation in the form of time off work to attend a series of treatment sessions for his psychological impairments.

55.    The Rehabilitation Agreement Pella offered to Goings, which Goings accepted, states that once Goings provided Pella with documentation establishing that he had enrolled in an approved treatment program for substance use, "Pella will grant [him] time off to attend treatment sessions that conflict with [his] work schedule."

56.    Accordingly, Goings's requested accommodation of a temporary modified work schedule to attend treatment sessions for his disability was reasonable.

57.    Goings has an actual disability under the ICRA.

58.    Goings has a record of a disability under the ICRA.

59.    Pella perceived Goings to be a person with a disability under the ICRA.

60.    Pella failed to provide reasonable accommodation for Goings's disability.

61.    Goings's disability, whether real, record of, and/or perceived, was a factor in Pella's decision to terminate him.

62.    Pella's actions violated the ICRA's prohibition against disability discrimination.

63.    As a proximate cause of Pella's illegal actions, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

7

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

## COUNT II:  RETALIATION
### The Iowa Civil Rights Act
### Iowa Code Chapter 216

64.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

65.    Goings had a reasonable belief that he had a disability under the ICRA for which he needed accommodation.

66.    Goings's request for reasonable accommodation was protected conduct under the ICRA.

67.    Had Goings not sought accommodation due to his relapse, Pella would not have directed him to take a drug test.

68.    Had Goings not sought accommodation due to his relapse, Pella would not have terminated his employment.

69.    Goings's request for reasonable accommodation for his disability was a factor in Pella's decision to terminate him.

70.    Pella's actions constituted illegal retaliation under the ICRA.

71.    As a proximate cause of Pella's illegal actions, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation, and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT III:  DISABILITY DISCRIMINATION
### The Americans with Disabilities Act, as Amended
### 42 U.S.C. § 12101 *et seq.*

72.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

8

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

73.     Goings was a qualified individual with a disability as defined in the Americans with Disabilities Act, as Amended ("ADAAA").

74.     Pella is an employer as defined in the ADAAA.

75.     Pella discriminated against Goings in violation of the ADAAA by failing to accommodate his disability.

76.     Pella discriminated against Goings in violation of the ADAAA by terminating him because of his actual, record of, and/or perceived disability.

77.     As a proximate cause of Pella's illegal actions, Goings has been damaged.

78.     Pella acted with malice or reckless indifference to Goings' rights, and therefore he is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Gary Goings, respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT IV:  RETALIATION
### The Americans with Disabilities Act, as Amended
### 42 U.S.C. § 12101 *et seq.*

79.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

80.     Goings had a reasonable belief that he had a disability under the ADAAA for which he needed accommodation.

81.     Goings's request for reasonable accommodation was protected conduct under the ADAAA.

9

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

82.    Goings's request for reasonable accommodation for his disability was a factor in Pella's decision to terminate him.

83.    Pella's actions constituted illegal retaliation under the ADAAA.

84.    As a proximate cause of Pella's illegal actions, Goings has been damaged.

85.    Pella acted with malice or reckless indifference to Goings' rights, and therefore he is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Gary Goings, respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT V: FMLA INTERFERENCE
### Violations of the Family Medical Leave Act ("FMLA")
### 29 U.S.C. § 2301 *et seq.*

86.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

87.    Pella is an employer within the meaning of the FMLA.

88.    During his employment with Pella, Goings had a mental health impairment that required ongoing treatment.

89.    Goings's mental health impairment was a "serious health condition" as defined in the FMLA.

90.    Goings timely provided Pella notice of his need to take FMLA leave for his mental health impairment on November 5, 2024.

91.    Goings was eligible for FMLA leave at the time he submitted his request.

10

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

92.     Pella did not allow Goings to take FMLA-protected leave for which he was eligible.

93.     Pella terminated Goings for reasons related to his need for FMLA leave.

94.     Pella's actions constituted unlawful interference with Goings' FMLA rights.

95.     As a result of Pella's illegal actions, Goings has been damaged.

**WHEREFORE,** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT VI: FMLA RETALIATION
### Violations of the Family Medical Leave Act ("FMLA")
### 29 U.S.C. § 2301 *et seq.*

96.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

97.     Pella required Goings to undergo a urine drug test because he exercised his right to request FMLA-protected leave for a serious medical condition.

98.     Had Goings not invoked his right to request FMLA-protected leave for his serious medical condition, Pella would not have terminated him.

99.     Pella's actions constituted unlawful discrimination and/or retaliation under the FMLA.

100.    As a result of Pella's illegal actions, Goings has been damaged.

**WHEREFORE,** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

11

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

## COUNT VII:  BREACH OF CONTRACT

101.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

102.    The Rehabilitation Agreement is a contract between Pella and Goings.

103.    Under the Rehabilitation Agreement, Pella agreed not to terminate Goings's employment in exchange for Goings's compliance with the substance use treatment terms set forth in the Rehabilitation Agreement.

104.    Goings agreed to the terms of the Rehabilitation Agreement.

105.    Goings was undergoing treatment in compliance with the terms of the Rehabilitation Agreement at the time of his termination.

106.    Pella violated the Rehabilitation Agreement when it terminated Goings's employment for a positive drug test despite his enrollment in an approved treatment program for his substance use disorder.

107.    As a result of Pella's violation of the Rehabilitation Agreement, Goings has been damaged.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages in an amount that will fairly and equitably compensate him for his losses, for interest as provided by law, and for the costs of this action, and such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT VIII:  PROMISSORY ESTOPPEL

108.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

109.    On November 5, 2024, Pella's Human Resources representative promised Goings that if he took a urine drug test, he would not be terminated so long as he underwent treatment in accordance with Pella's drug and alcohol rehabilitation policy.

12

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

110.    On November 5, 2024, Pella's Human Resources representative and Bingham promised Goings that once his drug test results were back, he could resume his duties on a modified work schedule that allowed time off to attend rehabilitation program sessions.

111.    Bingham and Pella's Human Resources representative should reasonably have expected their promises of continued employment and a temporary modified work schedule to attend treatment to induce Goings to take the urine drug test.

112.    Goings relied on Bingham's and Pella's Human Resources representative's promises of continued employment and a temporary modified work schedule in agreeing to take the urine drug test.

113.    Goings would not have agreed to take the urine drug test absent Bingham's and Pella's Human Resources representative's promises that by doing so, he would keep his job and would be allowed to leave work to attend rehabilitation sessions.

114.    Goings acted to his substantial detriment in reasonable reliance on the promises made to him.

115.    Pella breached its promise to Goings by terminating Goings even though he took the drug test and enrolled in the rehabilitation treatment program.

116.    As a result of Pella's breach of its promises, Goings has been damaged.

117.    Injustice can be avoided only by enforcing Pella's promises to Goings.

**WHEREFORE** Plaintiff Gary Goings respectfully prays that this Court enter judgment against Defendant Pella Corporation and award damages in an amount that will fairly and equitably compensate him for his losses, for interest as provided by law, and for the costs of this action, and such other and further relief as the Court deems just and equitable under the circumstances.

13

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

## JURY DEMAND

Plaintiff hereby requests trial by jury in this matter.

Respectfully Submitted,

By: /s/ Melissa C. Hasso
Melissa C. Hasso  AT0009833
By: /s/ Emily E. Wilson
Emily E. Wilson AT0013860
HASSO & WILSON LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone:  (515) 224-2079
Facsimile:  (515) 224-2321
Email:  ewilson@hwlawiowa.com
        mhasso@hwlawiowa.com
ATTORNEYS FOR PLAINTIFFS

14

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

| (AGENCY USE ONLY) | |
|---|---|
| ICRC CP#  01-29-83244 | Iowa Civil Rights Commission |
| Local Commission# | 400 East 14th Street |
| EEOC#  26A-2025-00363 | Des Moines, Iowa 50319-0201 |

(PLEASE TYPE OR PRINT LEGIBLY)

## SECTION 1: COMPLAINANT INFORMATION

Your legal name: ____ Gary Goings ____

Your mailing address: ▓▓▓▓▓▓

City: ▓▓▓▓    State: IA    Zip Code: ▓▓▓▓

Telephone #: ▓▓▓▓

Email address: _____

Your date of birth: ▓▓▓▓

Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency?    ☐ Yes    **X** No

If yes, what agency? _____    When? _____

## SECTION 2: DISCRIMINATION INFORMATION

**1.** Please indicate the **AREA(S)** in which the discrimination occurred.

**X** Employment    ☐ Public Accommodation    ☐ Housing
☐ Education    ☐ Credit    **X** Retaliation

IOCR RECEIVED
JAN 29 2025 AM9:39

**2.** Please indicate the **ACTION(S)** that the organization took against you.

☐ Demotion
**X** Denied Accommodation or Modification
☐ Denied Benefits
☐ Denied Financial Services/Credit
☐ Denied Service
☐ Discipline
☐ Eviction
☐ Failure to Hire
☐ Failure to Promote
☐ Failure to Rent
☐ Failure to Recall

☐ Failure to Train
☐ Forced to Quit/Retire
☐ Harassment
☐ Layoff
☐ Reduced Hours
☐ Reduced Pay
☐ Sexual Harassment
**X** Suspension
**X** Termination
☐ Undesirable Assignment/Transfer
☐ Unequal Pay

☐ Other: _____

**3.** Please indicate the **BASIS(ES)** or reasons for the discrimination.

a. Do you believe you were discriminated against because of your race? ____ No ____

If yes, what is your race? _____

b. Do you believe you were discriminated against because of your skin color? ____ No ____

Page 1 of 4

**EXHIBIT**
**A**
tabbies

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

If yes, what is your skin color? _____

c. Do you believe you were discriminated against because of your national origin? ____No____

If yes, what is your national origin? _____

d. Do you believe you were discriminated against because of your sex? ____No____

If yes, what is your sex? _____

e. Do you believe you were discriminated against because of your sexual orientation? _No_____

If yes, what is your sexual orientation? _____

f. Do you believe you were discriminated against because of your gender identity? ____No____

If yes, what gender do you identify as? _____

g. Do you believe you were discriminated against because of a real or perceived disability? Yes___

If yes, what is your real or perceived disability? _PTSD & Substance Use Disorder_____

h. Do you believe you were discriminated against because of your religion or creed? __No_____

If yes, what is your religion or creed? _____

i. Do you believe you were discriminated against because of your pregnancy or pregnancy -
related condition? _____No_____

j. If your complaint involves employment or credit, do you believe you were discriminated
against because of your age? ____No_____

If yes, do you believe you were discriminated because you are older or because you are
younger? _____

k. If your complaint involves housing or credit, do you believe you were discriminated against
based on your familial status? ____N/A_____

If yes, how many children live with you? _____

l. If your complaint involves credit, do you believe you were discriminated against based on ICR RECEIVED
marital status? _____N/A_____ JAN 29 2025 AM9:39

If yes, what is your marital status? _____

m. Do you believe you were retaliated against because you reported discrimination to someone
within the organization, filed a complaint with the ICRC, or participated as a witness in an
anti-discrimination agency proceeding? _____Yes_____

If yes, what did you report or complain about, and to whom?
_I requested accommodation for a disability from my supervisor in the form of time off of_
work for substance use disorder treatment._____

State what happened to you as a result of your report or complaint.
_I was suspended and then fired._____

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED____ 11/21/2024

5. If Employment is the Area, what is your hire date or application date? _February 2022_

6. Are you still employed by the organization that discriminated against you? ☐ Yes ■ No

If no, when did your employment end? _____ (month, day, year)

If no, how did your employment end?

■ Terminated          ☐ Voluntary Quit          ☐ Forced to Quit/Retire

## SECTION 3 - RESPONDENT INFORMATION

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]

_____ Pella Corporation

Address: _102 Main St.

City: _Pella_____ County: _Marion_____ State: _Iowa

Zip Code: _50219__ Telephone #: (_641_) 621 – 1000

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
[This organization will also be charged with discrimination and given a copy of your complaint.]
Address: _____

City: _____ State: _____

Zip Code: _____ Telephone #: _____

If more than two respondents, please list additional organization or individual respondents, including name, job title, and address, on an attached piece of paper. The additional organizations/individual respondents will also receive a copy of the complaint.

IOCR RECEIVED
JAN 29 2025 AM9:39

9. Provide the address of the location where the discrimination occurred:

_102 Main St., Pella, IA 50219

10. Were you placed by a temporary firm agency at the organization that discriminated against you?
[If the answer is yes and you wish to file a complaint against the temporary staffing firm, you will need to file a separate complaint form naming that firm].

☐ Yes   ■ No

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):

☐ 4-14    ☐ 15-19    ☐ 20-100    ☐ 101-200    ☐ 201-500    ■ 500+

## ----------------SECTION 4 • BRIEF SUMMARY OF ALLEGATIONS----------------

Please describe what happened to you. State how you were discriminated against. What happened? When did it happen? Be sure to address each Action you checked on page one and each Basis you addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

I have suffered from PTSD and substance use disorder for many years. In late October/early November 2024 I was suffering a relapse. I sought medical treatment for my relapse and notified my supervisor of my disability and relapse. On November 5, 2024 I requested accommodation in the form of time off from work to attend substance abuse treatment.

On November 5, after I requested accommodation for my disability, my supervisor and a representative from Human Resources presented me with an "Evaluation and Rehabilitation Agreement" stating that I was allowed to take time off from work for evaluation and treatment of my substance dependence and the criteria for my continued employment with the company. I signed the agreement. Then they took me to the hospital where they had me take a drug test and a breathalyzer alcohol test. They told me I was suspended until they got the results back. On November 21, 2024 someone from Human Resources called me and told me I was terminated because the drug test was positive.

My employer failed to provide a reasonable accommodation for my disability. I also believe I was suspended and terminated because of my disability, whether actual, perceived and/or record of, and in retaliation for requesting an accommodation for my disability.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

ICR RECEIVED
JAN 29 2025 AM9:39

X ~~Gary Goings (Jan 29, 2025 04:41 CST)~~

**Signature of Complainant (REQUIRED)**

Jan 29, 2025

**Date**

> It is not necessary that you provide any additional documentation at this time. Be aware that any additional documentation provided with your complaint form will be sent out to all named parties along with this form. An opportunity to provide additional documentation will be given at a later time if/when the complaint is accepted by the ICRC.

Page 4 of 4

E-FILED  2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

<div align="center">

Administrative Release

(Letter of Right-To-Sue)

</div>

| To: | ) | From: |
|-----|---|-------|
| ███████████████ | ) | |
| ███████████████ | ) | Iowa Office of Civil Rights |
| ███████████████ | ) | 6200 Park Avenue |
| ███████████████ | ) | Suite 100 |
| ███████████████ | ) | Des Moines, Iowa 50321-1270 |

| Complaint CP# 01-25-83244 | EEOC# 26A-2025-00363 |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.43. It is issued pursuant to your request.

The conditions precedent found in Iowa Code § 216.16(2) and 161 Administrative Code § 3.43(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **9/4/2025**.

The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The Iowa Office of Civil Rights will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. Iowa law allows any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files – No charge

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Office of Civil Rights
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc:  File
    MELISSA HASSO, Complainant's Attorney
    MAGGIE HANSON, Respondent's Attorney



E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Milwaukee Area Office**

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Milwaukee Direct Dial: (414) 662-3680
FAX (414) 297-4133 & 3146
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Gary Goings
Melissa C Hasso
Sherinian & Hasso Law Firm

**Re:**   Gary Goings v. Pella Corporation

EEOC Charge Number:  **26A-2025-00363**

EEOC Representative and email:      Barbara Ystenes
SLTP MANAGER
barbara.ystenes@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:Amrith Kaur Aakre
09/24/2025
Amrith Kaur Aakre
District Director

cc:    Maggie Hanson
Maggie.hanson@dentons.com
Dentons Davis Brown PC



EXHIBIT

C

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

Revised 07.2015

# Pella Corporation
# EVALUATION AND REHABILITATION AGREEMENT
# EMPLOYEE REQUEST

Date: _11/5/2024_

I, _Gary Goings_, have requested Pella Corporation allow me to take time off from work for evaluation and, if applicable, treatment for substance dependence. I understand I must meet certain criteria to retain my job with Pella Corporation. The criteria are:

1.   **Work Rules:** I must not report to work, or be at work, with a "detectable level of illegal drugs" or a "detectable level of alcohol" in my system, as those terms are defined in Pella Corporation's Iowa Drug and Alcohol Policy, or in any other way violate the Pella Corporation Iowa Drug and Alcohol Policy.

2.   **Evaluation Expectations and possible Treatment Program Expectations:** I must immediately submit to a drug/alcohol evaluation and supply Pella Corporation with the results of the evaluation. If treatment is recommended, I must, within 5 working days after completion of the evaluation, supply Pella Corporation with proof I have enrolled in an employer-approved treatment program for my substance problem. I then must diligently attend and successfully complete the treatment program outlined in the evaluation.

I understand, once I have provided the above documentation, Pella will grant me time off to attend treatment sessions that conflict with my work schedule. I understand I must continue with the treatment program to avoid having my absences count against my attendance record. I further understand, to the extent the costs of the treatment program are not covered under health care benefit programs provided by Pella Corporation, I am responsible for paying my share of the costs of the treatment program.

3.   **Evaluation/rehabilitation Drug/Alcohol Testing:** I understand as a result of an evaluation, and if a rehabilitation program is recommended, Pella Corporation may require me to submit to random drug and/or alcohol tests during my rehabilitation program, as well as the twelve month period following completion of any prescribed treatment, rehabilitation, or counseling program, in addition to any other drug and/or alcohol tests permitted by Pella Corporation's Iowa Drug and Alcohol Testing Policy. I understand if I refuse to be tested, or if I again test positive for alcohol and/or drugs in violation of the Drug & Alcohol Testing Policy, my employment will be terminated.

These criteria have been discussed with me and I agree to the terms outlined above. I understand non-compliance could result in termination of my employment.

_Gary Goings_                          _11/5/2024_        _107902_
**Name**                                **Date**          **Employee ID**

_[signature]_                          _11/5/24_
**Witness**                             **Date**

**EXHIBIT**

D

E-FILED 2025 OCT 08 3:20 PM MARION - CLERK OF DISTRICT COURT

Rev 07.08.15

# Pella Corporation Drug & Alcohol Policy
# Alcohol Rehabilitation Agreement Due to Positive Alcohol Result

**Acknowledgement:**  I have been informed in writing the results of my alcohol test were an alcohol concentration of _____ grams per 210 liters of breath, or its equivalent, which I acknowledge violates Pella Corporation's Iowa Drug & Alcohol Testing Policy.

**Service requirement:**  I understand because I have been employed by Pella Corporation for at least twelve of the preceding eighteen months and because this is my first violation of Pella Corporation's Iowa Drug & Alcohol Policy, I have the option to enroll in an employer-approved rehabilitation, treatment, or counseling program as a condition of continued employment with Pella Corporation.

**Choosing not to enroll:**  I understand should I choose not to enroll in an employer-approved rehabilitation, treatment, or counseling program, then my employment will be terminated.

**Choosing to enroll:**  I understand if I choose to undergo treatment, I will be required to provide Pella Corporation with weekly updates from my authorized treating personnel and the treatment program may include additional drug and/or alcohol testing.  I understand should I test positive for drugs/and or alcohol in violation of Pella Corporation's Iowa Drug & Alcohol testing policy during the course of my treatment, then my employment will be terminated immediately.

**Providing information regarding treatment:**  I understand I will need to provide Pella Corporation with information from my authorized treating personnel to indicate I have successfully completed my recommended treatment program.  I understand failure to successfully complete the program will result in termination of my employment.  I understand the cost of my treatment program may or may not be covered by my insurance, based on my health care coverage benefits, and I will need to discuss the extent of any coverage with the Human Resources department.

**Rehabilitation testing:**  I understand Pella Corporation may require me to submit to random drug and/or alcohol tests during the twelve-month period following completion of any prescribed treatment, rehabilitation, or counseling program, in addition to any other drug and/or alcohol tests permitted by Pella Corporation's Iowa Drug & Alcohol Testing Policy.  I understand if I refuse to be tested, or if I again test positive for alcohol and/or drugs in violation of the Drug & Alcohol Testing Policy, my employment will be terminated.

---

**Employee must initial the following two statements:**

_CC_____ (Initial) I have read and understand this agreement.

_CC_____ (Initial) I understand if I choose to undergo treatment, but fail to comply with any term of this agreement, then Pella Corporation will terminate my employment.

**Employee must initial one of the following statements:**

_CC_____ I agree to undergo an employer-approved treatment program.

_CC_____ I do not agree to undergo an employer-approved treatment program and understand my decision results in termination of my employment.

---

**Employee signature:** _____  **Date:** _11/5/24_  **Employee ID:** _104902_

**Witness signature:** _____  **Date:** _11/5/24_

EXHIBIT
E

E-FILED  2025 OCT 22 9:40 AM MARION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| GARY GOINGS,<br><br>    Plaintiff,<br><br>v.<br><br>PELLA CORPORATION,<br><br>    Defendant. | CASE NO. LACV099240<br><br><br>ACCEPTANCE OF SERVICE |

On this 22nd day of October, 2025, the undersigned hereby accepts service of Plaintiff's

Petition at Law and Jury Demand in the above-captioned matter.

/s/Margaret A. Hanson
Margaret A. Hanson,  AT0011866
Clark J. Butler,  AT0014888
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  515-288-2500
Facsimile:  515-243-0654
Email:  maggie.hanson@dentons.com
Email:  clark.butler@dentons.com

ATTORNEYS FOR DEFENDANT

Copy to:

Melissa C. Hasso
Emily E. Wilson
HASSO & WILSON LAW FIRM
111 E. Grand Avenue, Ste. 212
Des Moines, IA 50309
Telephone: 515-224-2079
Facsimile: 515-224-2321
Email: mhasso@hwlawiowa.com
Email: ewilson@hwlawiowa.com

ATTORNEYS FOR PLAINTIFF

<div style="border:1px solid black; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 22, 2025, by:

☐ U.S. Mail      ☐ FAX
☐ Hand Delivered  ☐ Overnight Courier
☐ Email         X EDMS

Signature: /s/Maggie Hanson

</div>

#4963310

E-FILED  2025 OCT 22 9:36 AM MARION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| GARY GOINGS,<br><br>    Plaintiff,<br><br>v.<br><br>PELLA CORPORATION,<br><br>    Defendant. | CASE NO. LACV099240<br><br><br>APPEARANCE OF COUNSEL |

COME NOW Margaret A. Hanson and Clark J. Butler of the firm Dentons Davis Brown PC and hereby enter their Appearance on behalf of Defendant Pella Corporation in the above-captioned matter.

/s/Margaret A. Hanson
Margaret A. Hanson, AT0011866

/s/Clark J. Butler
Clark J. Butler, AT0014888
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  515-288-2500
Facsimile:  515-243-0654
Email:  maggie.Hanson@dentons.com
Email:  clark.butler @dentons.com

ATTORNEYS FOR DEFENDANT

Copy to:

Melissa C. Hasso
Emily E. Wilson
HASSO & WILSON LAW FIRM
111 E. Grand Avenue, Ste. 212
Des Moines, IA 50309
Telephone: 515-224-2079
Facsimile: 515-224-2321
Email: mhasso@hwlawiowa.com
Email: ewilson@hwlawiowa.com

ATTORNEYS FOR PLAINTIFF

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 22, 2025, by:

☐ U.S. Mail      ☐ FAX
☐ Hand Delivered      ☐ Overnight Courier
☐ Email      X EDMS

Signature: /s/Maggie Hanson

---

#4963322

E-FILED          LACV099240 - 2025 OCT 22 10:28 AM          MARION
CLERK OF DISTRICT COURT          Page 1 of 2

## IOWA DISTRICT COURT IN AND FOR MARION COUNTY

| | |
|---|---|
| GARY GOINGS<br>　　　Plaintiff(s)<br><br>VS.<br><br>PELLA CORPORATION<br>　　　Defendant(s) | CASE NO: 05631  LACV099240<br><br>**NOTICE OF CIVIL TRIAL-**<br>**SETTING CONFERENCE**<br>**(Use of this form is mandatory.)** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 12/05/2025 at 01:30 PM  at the Marion County Courthouse, 214 E. Main St, Knoxville IA.**
*This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**Remotely through Zoomgov Meeting:**
https://iowacourts.zoomgov.com/j/1614247341?pwd=vubozbnizBa5lubhcvkg617C45g4ir.1
Meeting ID: 161 424 7341
Passcode: 591001
Or Dial by your location
+1 669 254 5252 US (San Jose)
+1 646 828 7666 US (New York)

Attorneys for all parties appearing in the case shall participate at this conference.  A party without an attorney shall participate as directed above.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration  that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

**Dated 10/22/25**

E-FILED   LACV099240 - 2025 OCT 22 10:28 AM   MARION
CLERK OF DISTRICT COURT   Page 2 of 2



/s/ Susan Beary

Clerk of Court/Designee

MARION County